IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02118-RTG

(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.**)

LEODANIS QUIALA DOMINGUEZ RODRIGUEZ, by and through his next friend, Maria
Luz Dominguez Rodriguez,

      Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Denver Contract Detention
      Facility,

      Respondent.

---

## ORDER TO CURE DEFICIENCIES

---

Petitioner Leodanis Quiala Dominguez Rodriguez is being held at an immigration
detention facility in Aurora, Colorado. Maria Luz Dominguez Rodriguez, who states that
she is Petitioner's Mother (*see* ECF No. 1-1 at 6), has submitted, on Petitioner's behalf,
a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).[1]

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has
determined that the submitted document is deficient. In particular, Maria Luz Dominguez
Rodriguez may not represent Petitioner unless she demonstrates she has standing to
act as Petitioner's next friend.

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to
a specific paper by the court's case management and electronic filing system (CM/ECF).

"An application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "next friend" standing under § 2242 is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.

Maria Luz Dominguez Rodriguez will be given an opportunity to cure the deficiencies by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that satisfies the requirements for next friend standing.

Alternatively, Petitioner may cure the deficiencies by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself.

Further, Petitioner must either pay the $5.00 filing fee or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, on the court-approved form.

All of the court-approved forms are available, along with the applicable

2

instructions, at www.cod.uscourts.gov.

Accordingly, it is

ORDERED that Petitioner and/or Maria Luz Dominguez Rodriguez shall have **thirty (30) days from the date of this order** to cure the deficiencies as discussed in this order. Any papers that that are filed in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the Clerk of Court mail a copy of this order to Petitioner at the Aurora Detention Facility. It is

FURTHER ORDERED that the Clerk of Court mail a copy of this order to Maria Luz Dominguez Rodriguez at the following address: 5426 1st Ave., Fort Myers, Florida, 33907. It is

FURTHER ORDERED that, if the deficiencies are not cured **within thirty (30) days from the date of this order**, the action may be dismissed without further notice. The dismissal shall be without prejudice.

DATED May 18, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge